𝕾𝖙𝖆𝖚𝖓𝖙𝖔𝖓.

OVERSTREET AND OTHERS V. GRIFFIN.

September 11, 1916.

Absent, Sims, J.

1. JUDGMENTS—*Lien—Deeds—Case in Judgment.*—Where land is conveyed to a land company by an unconditional deed without reservation of lien or any right of other sort, and the deed shows on its face that the land was bought from the grantor by three of the directors of the company, and that it was conveyed to the company at the instance and request of such directors, who had assigned the benefit of their purchase to the company, and the company has caused the land to be platted, and has sold various lots to different purchasers, and conveyed the same to them, in some of which conveyances the directors united stating that the conveyance to the company had been made at their instance and request, and there is no evidence that the directors have any equity whatsoever in the land, such land is bound by judgments against the company.

Appeal from a decree of the Circuit Court of Bedford county. Decree for the complainant. Defendants appeal.

*Affirmed.*

The opinion states the case.

*William Eubank,* for the appellants.

*S. V. Kemp,* for the appellee.

HARRISON, J., delivered the opinion of the court.

This suit involves the liability of 8.42 acres of land and a small lot (No. 14 in Block 11) to the judgment

liens asserted herein by the complainant, Malcolm Griffin.

It appears that by deed dated July 25, 1891, and recorded October 24, 1891, Wm. H. McGhee conveyed to the judgment debtor, the Bedford City Land and Improvement Company, twelve acres of land, of which the parcels here involved constitute a part. This deed shows on its face that the twelve acres was bought from the grantor therein by R. B. Claytor, S. M. Bolling and J. M. Berry, who were directors of the land company, and that it was conveyed to the company by McGhee at their instance and request, they having assigned the benefit of the purchase to the company. Shortly after this deed was made, in November and December, 1891, the judgments herein asserted were obtained against the land company and docketed. Prior, however, to the docketing of these judgments, the land company had platted part of the twelve acres and sold from such plat ten or more of the lots designated thereon. In some of these conveyances by the land company the purchasers required Claytor, Bolling and J. M. Berry to unite, doubtless for the purpose of having the fact appear of record that McGhee had conveyed the land to the company at their instance and request, they having failed to sign the McGhee deed wherein that fact was recited. In several of these conveyances of the lots mentioned these three directors of the company united and set forth that McGhee sold the twelve acres to them, and that they had assigned the benefit of the purchase to the Bedford City Land and Improvement Company, and that McGhee had executed a conveyance to such company.

On the 31st day of August, 1892, R. B. Claytor, S. M. Bolling and J. M. Berry executed a deed conveying all of their estate, right, title and interest in this same

twelve acres of land to Thomas D. Berry, also a director with them in the land company. At the time this deed was executed this boom company was hopelessly insolvent, owing many thousands of dollars more than it had assests, most of which indebtedness had then been reduced to judgments. It is under this last mentioned deed that the appellants claim title to the land in controversy as against the judgment lien creditors of the land company.

The main contention of the appellants is that the land company (the judgment debtor) only held the legal title to the land involved when the judgments were recorded in November and December, 1891, and that Claytor, Bolling and Berry were the equitable owners. This contention is not sustained by the record and is wholly without merit. There is no proof that Claytor, Bolling and J. M. Berry had any equity whatsoever in this land when the judgments were recovered. The record justifies the conclusion that in contracting for the land they were acting for the land company. Every act of theirs is a confirmation of this view. As soon as the land was bought it was conveyed by McGhee, at their instance and request, to the land company by an unconditional deed, without reservation of lien or other right of any sort. The land company, without delay, had part of the twelve acres platted and commenced selling the lots designated on such plat. These lots were conveyed by the company and whenever required to do so by the purchaser, Claytor, Bolling and Berry would unite in the conveyance and solemnly state that they contracted to buy this land from McGhee, and had assigned the benefit of their purchase to the judgment debtor company, and that the deed therefor had been made to the company. The record is barren of any evidence that these parties

ever paid one dollar of the purchase money for the land, or had any right or interest therein.    The deed of August, 1892, from them conveying their right, title and interest in the land, without warranty, to Thomas D. Berry was a scarcely veiled attempt to save something from the wreckage of the insolvent company of which they were directors.

We have carefully examined this case and without further detail it is sufficient to say that no valid ground has been shown for defeating the right of the appellee to enforce his judgment liens against the land here involved, and the decree complained of must, therefore, be affirmed.

*Affirmed.*